Joyce E. MILLER and Charles
L. Miller, Plaintiffs,

v.

Barton BOBBITT and Howard I. Bob-
bitt, Son and Father, and the State
of Oregon Courts, Defendants.

Civ. No. 91–209–FR.

United States District Court,
D. Oregon.

Dec. 17, 1991.

Charles L. Miller, Tigard, Or., for plain-
tiffs.

Barton C. Bobbitt, Bobbitt & Laster,
P.C., Portland, Or., for defendants Barton
and Howard Bobbitt.

Dave Frohnmayer, Atty. Gen., Martin
Dolan, Asst. Atty. Gen., Salem, Or., for
defendant State of Oregon Courts.

## OPINION

FRYE, District Judge:

The matters before the court are:

1) the motion to dismiss of defendant
State of Oregon Courts (# 16);

2) the motion to dismiss of defendants
Barton Bobbitt and Howard Bobbitt (# 27);
and

3) the motion for summary judgment of
plaintiffs, Joyce E. Miller and Charles L.
Miller (# 35).

## BACKGROUND

Plaintiff Charles L. Miller, representing
himself, has filed this action on behalf of
himself and Joyce E. Miller alleging that
defendants, Barton Bobbitt and Howard
Bobbitt, father and son, and State of Ore-

gon Courts, have violated his constitutional rights and those of Joyce Miller.

In his amended complaint, Miller alleges that:

> defendants did violate plaintiff Charles L. Miller's U.S. Constitutional rights as to Amendment IV of the Bill of Rights on at least two occasions: by preventing him from lawfully disposing of his portion of the property at 13674 S.W. 63rd Ave., Portland, Oregon, and by having him jailed, using perjured testimony and documents. Defendants did also cause de facto seizure of plaintiff Joyce E. Miller's property at 13674 S.W. 63rd Ave., Portland Oregon, preventing her from disposing of such property or of re-occupying the premises in violation of Amendment IV of the Bill of Rights and Amendment XIV to the U.S. Constitution.

Amended Pleading (Amended Complaint), pp. 2–3. In his amended complaint, Miller further alleges that:

> The State of Oregon through its courts did aid and abet defendants Bobbitt in their commission of the above travesties in violation of Amendment IV of the Bill of Rights of the United States Constitution, and also in violation of Amendment XIV to the United States Constitution.

*Id.* at 3.

In his amended complaint, Miller alleges that the Bobbitts withheld and suppressed evidence and systematically lied to the courts and to other attorneys about occurrences, plaintiffs' reputation, evidence, and other matters in an attempt to defraud plaintiffs of the ownership and owner's equity in property located at 13674 S.W. 63rd Avenue. Miller alleges that the Bobbitts had him arrested based solely upon the affidavit of Howard Bobbitt who improperly asserted that Miller was avoiding a hearing.

In his complaint, Miller alleges that the Honorable Donald H. Londer, Circuit Court Judge for the State of Oregon, unlawfully released Miller's social security number to Howard Bobbitt and improperly refused to meet with plaintiffs in the state court proceedings.

## CONTENTIONS OF THE PARTIES

Defendant State of Oregon Courts moves this court to dismiss this action on the grounds that 1) the Eleventh Amendment to the United States Constitution bars this action; 2) the State of Oregon is not a "person" for the purposes of liability under 42 U.S.C. § 1983; 3) judicial immunity requires judgment in favor of State of Oregon Courts; and 4) the amended complaint fails to allege any facts indicating that the constitutional rights of the plaintiffs were violated.

The Bobbitts move this court to dismiss the action on the grounds that 1) the amended complaint fails to state a claim upon which relief can be granted; and 2) the claims made by Miller were fully litigated in the courts of the State of Oregon. The Bobbitts move this court for an award of reasonable expenses pursuant to Fed. R.Civ.P. 11.

Miller contends that an order of summary judgment should be granted in his favor as to defendant State of Oregon Courts because the State of Oregon is depriving him of his rights under the Fourteenth Amendment to the United States Constitution, and the federal court is the proper forum to litigate this issue. Miller asserts that the Bobbitts have committed fraud and perjury in a pattern designed to deprive him of property, reputation, liberty and rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## ANALYSIS

■ Defendants correctly point out that Charles Miller cannot represent Joyce Miller in this action. Joyce Miller must sign all future pleadings in which she wishes to be a part.

■ Miller alleges that his constitutional rights were violated by defendant State of Oregon Courts when Judge Londer improperly released his social security number to Howard Bobbitt and improperly refused to meet with him as a *pro se* litigant when Judge Londer met with lawyers.

■ These allegations are not adequate to sustain an action against Judge Londer

and the State of Oregon Courts for the deprivation of Miller's constitutional rights. Judges enjoy absolute immunity for actions arising out of acts committed within their judicial discretion. *Schlegel v. Bebout,* 841 F.2d 937, 942 (9th Cir.1988). The acts of Judge Londer which Miller alleges violated his constitutional rights were acts within the judicial discretion of Judge Londer.

The motion to dismiss of defendant State of Oregon Courts is granted. The motion for summary judgment of Miller is rendered moot.

■ Miller alleges in his complaint that Howard Bobbitt lied to defendant State of Oregon Courts by asserting that Miller had avoided service of process in order to obtain an arrest warrant for Miller. This allegation may be adequate to state a claim that Howard Bobbitt used the state court system to unlawfully deprive Miller of his liberty. There are, however, no facts in support of this allegation that would entitle Miller to summary judgment against Howard Bobbitt.

### CONCLUSION

The motion to dismiss of defendant State of Oregon Courts (# 16) is granted. The motion to dismiss of the Bobbitts (# 27) is denied. The motion for summary judgment of Miller (# 35) is rendered moot as to defendant State of Oregon Courts and denied as to the Bobbitts.